# UNITED STATES DISTRICT COURT
# WESTERN DIVISION OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| Ortego | Civil Action No. 6:15-cv-02838 |
| versus | Judge Rebecca R. Doherty |
| FCA US LLC | Magistrate Judge Carol B. Whitehurst |

## *SUA SPONTE* JURISDICTIONAL BRIEFING ORDER

FCA US LLC ("FCA US") removed this action, alleging that this Court has jurisdiction under 28 U.S.C. § 1332, because the parties are diverse in citizenship and the amount in controversy exceeds $75,000.00. The undersigned reviewed the pleadings and concluded that he cannot determine whether the amount in controversy has been satisfied.

The party invoking subject matter jurisdiction in federal court has the burden of establishing the court's jurisdiction.[1] Here, FCA US must bear that burden. When, as in this case, the plaintiffs do not seek to recover a determinate amount in the complaint, the removing party has the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional minimum.[2] To

---

[1] *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

[2] *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).

satisfy that burden, the removing defendant must either (1) demonstrate that it is facially apparent that the claims are likely above $75,000 or (2) set forth the specific facts that support a finding of the jurisdictional amount.[3]

The undersigned finds that the amount in controversy is not "facially apparent" from the plaintiffs' petition.  Although the plaintiffs expressly alleged that their damages exceed $50,000, they did not allege that their damages exceed $75,000. FCA US's removal notice referred to the allegations of the petition but presented no additional facts regarding the nature or severity of the plaintiff's injuries that are relevant to the amount in controversy.  The allegations of the petition in that regard are vague.  The plaintiffs allege only that they sustained "serious personal injuries." These factual allegations are insufficient for the undersigned to determine whether the amount in controversy exceeds the jurisdictional requirement.

When jurisdiction is based on diversity, the citizenship of the parties must be distinctly and affirmatively alleged.[4] The petition alleges that the plaintiffs are Louisiana citizen and that the sole remaining defendant is a is a Limited Liability Company organized under Delaware law, having its principal place of business in Michigan, and having no members who are citizens of the State of Louisiana. Thus

---

[3]     *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

[4]     *Mullins v. Testamerica Inc.*, 300 Fed. App'x 259, 259 (5th Cir. 2008).

the parties are diverse in their citizenship.[5]

Accordingly,

IT IS ORDERED that, not more than twenty-one days after the date of this order, FCA US shall file a memorandum setting forth specific facts that support a finding that the amount in controversy exceeds $75,000. These facts should be supported with summary-judgment-type evidence. The plaintiffs will have seven days to respond to FCA US's submission if they deem appropriate.

Signed at Lafayette, Louisiana, this 15th day of August, 2016.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE

---

[5] *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).